IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane and Ronald Banchak,<br><br>    Plaintiffs,<br><br> v.<br><br>Harris & Harris, Ltd.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiffs, Jane and Ronald Banchak, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, Jane and Ronald Banchak ("Plaintiffs"), are adult individuals residing in Round Lake Beach, Illinois, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Harris and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Harris at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Harris Engages in Harassment and Abusive Tactics

12. In or around May 2019, Harris began calling Plaintiffs in an attempt to collect the Debt allegedly owed by "Shepard" (the "Debtor").

13. In early May 2019, Plaintiffs informed Harris that the Debtor was unknown to them and unreachable at their telephone number.

14. Despite having been so informed, Harris thereafter continued calling Plaintiffs, causing inconvenience and frustration.

### C. Plaintiffs Suffered Actual Damages

15. Plaintiffs have suffered and continue to suffer actual damages as a result of the

Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

19. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be awarded in Plaintiffs' favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 20, 2019

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiffs